UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x  NOT FOR PUBLICATION

ANTHONY HARRY,

                       Plaintiff,                             **MEMORANDUM
                                                              AND ORDER**

     -against-                                                    09-CV-2342 (SJF) (LB)

JOHN DOE #31705,

                       Defendant.
-----------------------------------------------------------------x

**BLOOM, United States Magistrate Judge:**

On May 29, 2009, plaintiff Anthony Harry, currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York ("MDC"), filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was unlawfully strip-searched by a police officer on October 4, 2006, at the 105th Police Precinct in Queens County. Compl. at 5-6. By order dated June 9, 2009, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed the Corporation Counsel of the City of New York to assist the Court in identifying defendant John Doe #31705 pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (1997) (per curiam) for the purpose of effecting service of process.

By letter dated June 30, 2009, the Corporation Counsel for the City of New York advised the Court that plaintiff has had three or more prior complaints dismissed as frivolous, malicious or for failure to state a claim and that, therefore, the Court should revoke plaintiff's *in forma pauperis* status and dismiss the complaint pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Plaintiff opposes the letter application. The Corporation Counsel's request is hereby denied without prejudice to renewal for the reasons set forth below.

The Prison Litigation Reform Act provides in relevant part that

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (also known as the "three strikes" provision).

The Court finds that Corporation Counsel has not provided sufficient support for the Court to determine whether the three strikes provision should apply to revoke plaintiff's *in forma pauperis* status and for the more drastic relief of dismissal. Instead of including the decisions for each "strike," the Corporation Counsel has attached and presumably relied solely on the docket sheets. Although the Court is aware of its own decision in *Harry v. Morgigno*, No. 07-CV-4759 (E.D.N.Y. Nov. 7, 2007) (motion to dismiss for failure to state a claim granted based on *res judicata*) and can review *Harry v. Rodriguez*, No. 06 Civ.13696, 2007 WL 3165763 (S.D.N.Y. Oct. 9, 2007) (motion to dismiss for failure to state a claim granted based on *res judicata*), the other cases relied on are not provided to support the conclusion urged by the Corporation Counsel. *See Harry v. Doe*, No. 06 Civ. 1824 (S.D.N.Y. Mar. 8, 2006) (dismissal pursuant to 28 U.S.C. 1915(e)(2); *See Harry v. Doe*, No. 05 Civ. 8131 (S.D.N.Y. Sept. 20, 2005) (dismissal for failure to prosecute); *Harry v. Lindsay*, No. 06-CV-2363 (E.D.N.Y. May 31, 2007) (dismissal for failure to exhaust administrative remedies and mootness). The Court cannot rely solely on a docket entry from another Court which may or may not accurately reflect the Court's order and is certainly insufficient to support Corporation Counsel's assertion that each of these cases would qualify as "strikes" pursuant to § 1915(g).

Even if the docket sheets are accurate, the Corporation Counsel's assertion that a "strike"

should apply to plaintiff's dismissal for failure to exhaust administrative remedies is wrong on the law. *See Harry v. Lindsay*, No. 06-CV-2363 (E.D.N.Y. May 31, 2007) (dismissal for failure to exhaust administrative remedies and mootness). In *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999), the Second Circuit specifically held that § 1915(g) should not apply to dismissals for failure to exhaust administrative remedies. *See also Tafari v. Hues*, 473 F.3d 440, 442-43 (2d Cir. 2007) ("'dismissal because of prematurity of [a] suit' does not qualify as a strike"); *Tafari v. McGinnis*, No. 02 Civ. 1733, 2007 1052455, at *1 (S.D.N.Y. Apr. 6, 2007) (declining to apply strike to dismissal based on failure to exhaust administrative remedies). Furthermore, the Court considers it unlikely that the dismissal for failure to prosecute would count as a strike, *see Harry v. Doe*, No. 05 Civ. 8131 (S.D.N.Y. Sept. 20, 2005) (dismissal for failure to prosecute), unless the Corporation Counsel can provide support for such a claim.

Therefore, the Court declines to revoke plaintiff's *in forma pauperis* status based on the instant application. The Corporation Counsel's response to the Court's *Valentin* request is extended for an additional 30 days and shall be stayed if the Corporation Counsel renews its instant request within ten days. Any renewed application to revoke plaintiff's *in forma pauperis* status shall be made on a complete record and analysis of plaintiff's prior filings. If Corporation Counsel renews its instant request, plaintiff shall oppose the request by August 21, 2009.

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: July 16, 2009
Brooklyn, New York

3